UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JIA LE ZHANG,

          Plaintiff,

v.                                                               Case No. 11-CV-72

UNITED HEALTHCARE INSURANCE COMPANY,

          Defendant.

_____

# ORDER

The plaintiff, Jia Le Zhang ("Zhang"), a citizen of Wisconsin, filed this action in state court against the defendant, United Healthcare Insurance Company ("United Healthcare"), alleging that the defendant refused to process and pay health insurance claims submitted by the plaintiff under one of the defendant's policies unless the plaintiff first agreed to sign a subrogation agreement that is allegedly contrary to Wisconsin state law. *See* Compl. ¶¶ 1-3, 14-23. The plaintiff further contends that his claim for medical benefits was wrongfully denied by the defendant because of the plaintiff's refusal to sign that subrogation agreement. *Id.* ¶¶ 18-22. Accordingly, the plaintiff's complaint contains two counts: a state common law claim for bad faith conduct by the defendant; and declaratory relief under Wis. Stat. § 806.04. *Id.* ¶¶ 24-37. The plaintiff asks for relief in the form of "general damages," "punitive damages," an "award of costs and expenses incurred in this action," "reasonable attorneys' fees as provided by law," and "pre- and post-judgment interest as provided by law." *Id.* at 10. Mr. Zhang sues United Healthcare

"individually and on behalf of all others similarly situated" – a class of "all students who purchased" a certain health insurance policy from the defendants while they were attending colleges or universities in Wisconsin and who were asked to sign a subrogation agreement "purporting to give [the defendant] a right to first-dollar recovery on subrogation claims." *Id.* ¶ 7. The plaintiff asserts in the complaint that the members of the class number is "at least in the thousands" and that the plaintiff's claim is typical of claims of the class. *Id.* ¶¶ 9, 11. On January 24, 2011, United Healthcare removed the case from state court to this court. (Docket #1). Less than a month later, the plaintiff moved to remand this case back to state court. (Docket #9). With the benefit of the parties' briefs, the court resolves the pending motion.

A defendant is allowed to remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it. 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Here, United Healthcare relies on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), "an extension of diversity jurisdiction," *In re Burlington N. Santa Fe Ry. Co.,* 606 F.3d 379, 381 (7th Cir. 2010), as the source for this court having original jurisdiction. Under the CAFA, federal courts have jurisdiction over cases in which the amount in controversy exceeds $5 million, the class contains at least 100 members, and any

member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B). The plaintiff does not take issue with whether CAFA's minimal diversity and class size requirements are satisfied, and the complaint, on its face, does not appear to raise other issues regarding the court's subject matter jurisdiction. Instead, the plaintiff makes two arguments related to the amount in controversy in this matter.

First, Mr. Zhang argues that United Healthcare has not met its burden of establishing federal jurisdiction because it has made "no effort" to "prove jurisdictional facts showing the amount in controversy exceeds $5 million" (Pl.'s Br. at 3), arguing that the defendant needed to provide evidence of the amount in controversy at the time of removal. However, there is no legal basis for the assertion that the notice of removal *itself* has to contain evidence of the jurisdictional amount in controversy. The removal statute states that the notice of removal need only "contain . . . a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This language mirrors the pleading standard set forth in Federal Rule of Civil Procedure 8(a), and courts accordingly apply the same liberal notice pleading standard to notices of removal. *See Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005) ("notice of removal was sufficient . . . if it provided the district court with facts from which removal jurisdiction . . . could be determined."). Under that standard, so long as the Court is provided with factual allegations from which removal jurisdiction is plausible, the notice is sufficient. 14C

Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3733 (3d ed. 2006) ("[T]he better rule is that detailed grounds for removal need not be set forth in the notice."). The Seventh Circuit has envisioned the proponent of federal jurisdiction providing evidence supporting the jurisdictional facts *after* the notice of removal has been filed. *See Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) ("It would not be prudent to strictly limit a district court [to the evidence in the record when removal is sought] . . . [t]he test should simply be whether the evidence sheds light on the situation which existed when the case was removed"); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (providing a non-exhaustive list of ways a proponent of federal jurisdiction can estimate the potential amount in controversy, including introducing evidence in a hearing under Rule 12(b)(1)). Here, the notice of removal has alleged facts from which it is plausible that more than five million dollars is in controversy (Notice of Removal ¶¶ 13-18), and the defendant needed to do no more until the allegations related to jurisdictional facts were contested. *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) ("When the jurisdictional threshold is uncontested, we generally "will accept the [proponent's] good faith allegation of the amount in controversy unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'") (internal citations omitted).

However, where the opponent of federal jurisdiction challenges the "allegation of the amount in controversy," the proponent of federal jurisdiction "must support its

assertion with competent proof." *Id.* (internal citations omitted). In this case, Mr. Zhang has challenged United Healthcare's allegation of the amount in controversy through the motion to remand, *see, e.g.,* No. 09-CV-0777, *Spears v. United States Steel Corp.*, 2009 U.S. Dist. LEXIS 105369, at *3 (S.D. Ill. Nov. 8, 2009) (noting that a remand motion functions as a "challenge" to federal jurisdiction), and now the burden is on the defendant to prove the "jurisdictional facts by a preponderance of the evidence." *Meridian,* 441 F.3d at 543. To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Am. Bankers Life Assur. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003). However, a "good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, No. 11-8009, 2011 U.S. App. LEXIS 7681, at *2 (7th Cir. Ill. Apr. 14, 2011). "The party seeking removal does not need to establish what damages the plaintiff *will* recover, but only how much is *in controversy* between the parties." *Id.* at *3 (emphasis added); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) ("[T]he removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands. . . . [t]he demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks."). If that party is thereafter able to establish the jurisdictional facts, remand upon the basis of lack of subject matter jurisdiction is appropriate only if the district court finds it "legally

certain" that either "the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *LM Ins. Corp. v. Spaulding Enter., Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, No. 11-8003, 2011 U.S. App. LEXIS 6760, at *10 (7th Cir. Ill. Apr. 1, 2011) ("If [the proponent of federal jurisdiction's] estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible.")

Here, the court concludes that the defendant has not met its burden of providing an estimate supported by the preponderance of the evidence that the stakes of this litigation exceed five million dollars. In fact, the only evidence the defendant has provided is an affidavit that indicates the named-plaintiff's benefits claim amounted to approximately $6,950. There has been no evidentiary showing that others who were "forced" to sign the subrogation agreement had even the slightest potential to sustain similar damages. The court cannot simply multiply what the plaintiff's denied claims are by a thousand, as such a sum would not be "reliable." *See Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 52 (1st Cir. 2009) (refusing to multiple the amount in controversy for the named plaintiffs' claims by the potential plaintiffs alluded to in the complaint). In fact, in order to receive damages equal to the benefit claims of Mr. Zhang, the other potential class members would have had to have been similarly denied insurance claims because those plaintiffs *all* decided to "take a stand" and refused to sign a subrogation agreement, a brave task

-6-

for a college student facing thousands of dollars in medical bills. United Healthcare's potential exposure with regard to the plaintiffs who merely signed the subrogation agreement is far more unclear. Moreover, there is no evidence that the class members – college students, a relatively healthy populace – will have medical bills even rivaling those of Mr. Zhang. In short, based on the evidence provided to the court, the court finds that it strains credulity to conclude that this case is a five million dollar case. All United Healthcare estimated with its affidavit is that the amount in controversy between Mr. Zhang and the defendant is approximately $6,950, far short of the jurisdictional minimum under the CAFA. As the proponent of federal jurisdiction has not "explained plausibly how the stakes" of this case exceed five million dollars, *Spivey v. Vertrue, Inc.,* 528 F.3d 982, 986 (7th Cir. 2008), the court must remand this case to state court.

The defendant cites several cases for the proposition that the defendant can rely on the allegations in the plaintiff's complaint and assume such allegations are true for proving that jurisdiction under the CAFA exists. The problem for the defendant is that the plaintiff's estimate of the class size being in the "thousands" is not an allegation that the class of thousands will have damages identical to that of Mr. Zhang. Instead, the complaint merely makes an allegation that there are thousands of people who were asked to sign the supposedly illegal subrogation agreement. (Compl. ¶¶ 9, 11). What damages are at stake remain a question mark until the defendant proffers some estimate supported by any evidence. *Id.* ¶ 11

("The only difference may be the *amount of damages sustained . . .*") (emphasis added). In a situation like this one, where a case has been removed from state court and the plaintiff has not provided any information about the value of his or her claims in the complaint, the burden is on the defendant to provide a good-faith estimate of the stakes that is "supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Here, the court finds that the defendant has simply not met that rather minimal burden.

There remains an outstanding motion to seal the affidavit and its accompanying exhibits the defendant provided with its opposition brief. (Docket #12). United Healthcare argues that "[g]ood cause exists to file under seal because the documents attached as Exhibit A are Explanation of Benefit forms containing plaintiff's protected health information." (Docket #12 at 1). The defendant does not cite any reason for sealing the record with regard to the affidavit, and, accordingly, the court will allow the affidavit to be a part of the public record. Moreover, the court, having reviewed the exhibits attached to the affidavit, finds no reason to seal the Exhibit A. Merely noting that a document contains medical information does not mean that the information needs to be removed from the public record. *Haas v. City of Milwaukee*, No. 05-CV-785, 2009 U.S. Dist. LEXIS 105075, at *1 (E.D. Wis. Oct. 23, 2009). Here, none of the "Explanation of Benefit" forms contain a social security number or divulge any sort of sensitive information that was not found in the complaint, which is already within the public's access. The Seventh Circuit has been

quite clear in defining the role that the district judge assumes in adjudicating whether a part of the court record may be sealed or not. A judge cannot merely leave it up to the parties to "seal whatever you want." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Instead, because the judiciary can only claim its legitimacy through the reasoning of its decisions and the evidence that supports a given decision, any act that attempts to withdraw "an element of the judicial process from public view makes the ensuing decision look more like fiat," and, as such, requires "rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Accordingly, "what happens in the federal courts is presumptively open to public scrutiny," *id.,* and the privacy interests of the individual litigants can only override the public's interest if the litigants' interests "predominate" – that is, "only if there is good cause for sealing a part or the whole of the record in that case." *Citizens First Nat'l Bank,* 178 F.3d at 945. Given the defendant's failure to warrant its argument for sealing the record, and given the centrality of the document in question to this order, the court will deny the motion to seal.[1]

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to remand to the Wisconsin Circuit Court for Milwaukee County pursuant to 28 U.S.C. § 1447(c) (Docket #9) be and the same is hereby **GRANTED**;

---

[1] For whatever reason, the affidavit was not filed on CM/ECF. This was in error and will be rectified shortly, with the full affidavit and record appearing on the electronic docket. In the future, the parties need to comply with the procedure set out in General L.R. 79 for sealing of court documents.

**IT IS FURTHER ORDERED** that the defendant's motion to seal (Docket #12) be and the same is hereby **DENIED**.

The clerk of the court is directed to take all necessary steps to effectuate this remand.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge